**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4638**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAMUEL ARNETT, JR., a/k/a Samuel Arnette, Jr.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:20-cr-00141-D-1)

Submitted:  May 10, 2023                    Decided:  May 17, 2023

Before THACKER and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Arnett, Jr., seeks to appeal his below-Guidelines range sentence after pleading guilty to three drug and firearm offenses. On appeal, Arnett's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising two sentencing issues but concluding there are no nonfrivolous grounds for appeal. The Government has moved to dismiss the appeal as barred by Arnett's appeal waiver. Arnett was notified of his right to file a pro se supplemental brief but has not done so. We dismiss the appeal.

"When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). "A 'valid' appeal waiver is one entered by the defendant knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*. "When a district court questions a defendant during a Rule 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid." *Id*. We review this issue de novo. *Id*.

Upon our review of the record, we conclude that Arnett knowingly and voluntarily waived his right to appeal his conviction and sentence, and the issues raised on appeal fall within the scope of the waiver. Moreover, we have reviewed the record for any potentially meritorious issues that might fall outside the waiver and have found none.

Accordingly, we grant the Government's motion to dismiss the appeal. This court requires that counsel inform Arnett, in writing, of his right to petition the Supreme Court

2

of the United States for further review.  If Arnett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Arnett.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*